# EXHIBIT A

Insurance Commissioner
**ACCEPTED SOP**

OCT 03 2019

TIME: _2pm_

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

September 30 2019 12:45 PM

KEVIN STOCK
COUNTY CLERK
**NO: 19-2-11116-5**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

|  |  |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) No. _____ |
| v. | ) ) **COMPLAINT** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; XL INSURANCE AMERICA INC.; FEDERAL INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY, INC.; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK; AND AXIS SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

COMES NOW plaintiff Illinois National Insurance Company, and for its complaint alleges as follows:

## I.    **PARTIES**

1.     Plaintiff Illinois National Insurance Company ("Illinois National"), in its own right and as insurer and subrogee of Simon Property Group, Inc., d/b/a Tacoma Mall Partnership (collectively, "Simon"), is a corporation organized and existing under the laws of Illinois with its principal place of business located at 175 Water Street, New York, New York 10038.

COMPLAINT - 1

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

2.      At all times material hereto, Illinois National was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders.

3.      Defendant Travelers Property Casualty Company of America is a corporation organized and existing under the laws of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut 06183. Defendant Travelers Property Casualty Company of America was formerly known as, did business as, and/or is the successor in liability to Travelers Indemnity Company of Illinois. The term "Travelers" as used in this Complaint refers to Defendant Travelers Property Casualty Company of America and its related entity Travelers Indemnity Company of Illinois.

4.      At all times material hereto, Travelers was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

5.      At all times relevant hereto, Travelers was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Travelers. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Travelers and currently unknown to plaintiff.

6.      Defendant XL Insurance America Inc. ("XL Insurance") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 70 Seaview Avenue, Stamford, Connecticut 06902.

COMPLAINT - 2

7.     At all times material hereto, XL Insurance was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

8.     At all times relevant hereto, XL Insurance was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with XL Insurance. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to XL Insurance and currently unknown to plaintiff.

9.     Defendant Federal Insurance Company ("Federal Insurance") is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07061.

10.     At all times material hereto, Federal Insurance was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

11.     At all times relevant hereto, Federal Insurance was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Federal Insurance. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Federal Insurance and currently unknown to plaintiff.

COMPLAINT - 3

12.     Defendant Westchester Surplus Lines Insurance Company ("Westchester Surplus") is a corporation organized and existing under the laws of Georgia with its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

13.     At all times material hereto, Westchester Surplus was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

14.     At all times relevant hereto, Westchester Surplus was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Westchester Surplus. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Westchester Surplus and currently unknown to plaintiff.

15.     Defendant Great American Insurance Company, Inc. ("Great American Insurance Inc.") is a corporation organized and existing under the laws of Ohio with its principal place of business located at 301 East 4th Street, Cincinnati, Ohio 45202.

16.     At all times material hereto, Great American Insurance Inc. was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

17.     At all times relevant hereto, Great American Insurance Inc. was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Great American Insurance Inc. The identities of

COMPLAINT - 4

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Great American Insurance Inc. and currently unknown to plaintiff.

18.    Defendant Great American Insurance Company of New York ("Great American Insurance of NY") is a corporation organized and existing under the laws of New York with its principal place of business located at 301 East 4th Street, Cincinnati, Ohio 45202.

19.    At all times material hereto, Great American Insurance of NY was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

20.    At all times relevant hereto, Great American Insurance of NY was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Great American Insurance of NY. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Great American Insurance of NY and currently unknown to plaintiff.

21.    Great American Insurance Company, Inc. and Great American Insurance Company of New York are referred to herein collectively as "Great American Insurance".

22.    Defendant Axis Specialty Insurance Company ("Axis Specialty") is a corporation organized and existing under the laws of Connecticut with its principal place of business located at 11680 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022.

COMPLAINT - 5

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

23.     At all times material hereto, Axis Specialty was an insurance company engaged in the business of issuing policies of insurance and providing insurance coverage to its policyholders, including in Washington.

24.     At all times relevant hereto, Axis Specialty was acting individually, and/or by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who were acting within the course and scope of their employment, service, and/or agency with Axis Specialty. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees are known to Axis Specialty and currently unknown to plaintiff.

25.     Travelers, XL Insurance, Federal Insurance, Westchester Surplus, Great American Insurance, and Axis Specialty are referred to herein collectively as "Defendant Insurers".

## II.     JURISDICTION AND VENUE

26.     Personal jurisdiction exists over Travelers due to the fact that it regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because Travelers issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

27.     Personal jurisdiction exists over XL Insurance due to the fact that it regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because XL

COMPLAINT - 6

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

Insurance issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

28.   Personal jurisdiction exists over Federal Insurance due to the fact that it regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because Federal Insurance issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

29.   Personal jurisdiction exists over Westchester Surplus due to the fact that it regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because Westchester Surplus issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

30.   Personal jurisdiction exists over Great American Insurance due to the fact that it/they regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because Great American Insurance issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

31.   Personal jurisdiction exists over Axis Specialty due to the fact that it regularly conducted business in Washington during all times relevant hereto, including but not limited to issuing policies of insurance in Washington.  Personal jurisdiction also exists because Axis Specialty issued one or more policies of insurance to Simon covering Simon's liability arising from bodily injury at the Tacoma Mall.

COMPLAINT - 7

JENSEN MORSE BAKER PLLC
1809 Seventh Avenue, Suite 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

32.     Venue in this action is proper in Pierce County pursuant to RCW 4.12.020 and RCW 4.12.025 because the underlying civil action and the events from which that action arose took place in Pierce County and the defendants transact business in Pierce County.

33.     This Court has original jurisdiction over this matter pursuant to RCW 2.08.010.

### III.     FACTS

34.     On January 1, 2003, the Simon Property Group, Inc., d/b/a Tacoma Mall Partnership and IPC International Corporation entered into a security services contract (the "Security Services Contract").

35.     Under the Security Services Contract, IPC agreed only to provide uniformed security services for Simon under the terms and conditions specified therein.

36.     In setting forth the services to be provided, the Security Services Contract provided that IPC International would respond to and provide assistance in security related situations such as fires, accidents, internal disorders and attempts of sabotage or other criminal acts, in conformance with common sense and good judgment and in keeping with Simon's policies and procedures.

37.     The Security Services Contract did not require or authorize IPC International's employees to carry firearms, to intercede with an armed gunman, or to devise security and evacuation plans in the event of a shooting on the premises.

38.     Illinois National issued a Commercial General Liability Policy to IPC International under Policy No. 382-94-59 with a $1,000,000 retained limit and a $ 1,000,000 each occurrence limit.  This policy was in effect on November 20, 2005.

COMPLAINT - 8

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

39.     Illinois National also issued a Prime Commercial Umbrella Liability Policy, Policy No. BE 2685886, providing for $9,000,000 per occurrence limits for bodily injuries. This policy was in effect on November 20, 2005.

40.     Simon qualified as an additional insured, subject to certain limitations, under the policies issued to IPC International by Illinois National.

41.     IPC International did not agree to insure, indemnify or release Simon for its own negligence. To the contrary, Simon agreed to defend, indemnify and hold harmless IPC International for any conduct that did not arise directly out of the services to be provided by IPC International under the Security Services Contract.

42.     On November 20, 2005, Dominick Maldonado entered the Tacoma Mall carrying a guitar case and concealed weapons.

43.     At the time Maldonado entered the Tacoma Mall, Simon, and not IPC International, was responsible for hiring armed, off-duty police officers to provide security. Simon, among other things, was also responsible for the acquisition, deployment and operation of a mall-wide public announcement system that could be used to warn patrons and employees of a threat and a need for evacuation as well as a video camera system that could be used to monitor such threats and alert law enforcement.

44.     On November 20, 2005, Simon did not have any armed, off-duty police officers providing security or patrolling the Tacoma Mall. It also did not have a functioning public announcement system or an operable video camera system.

45.     After entering the Tacoma Mall, Maldonado opened fire in the mall.

COMPLAINT - 9

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

46.     Maldonado shot Brendan McKown several times, causing him significant injuries.

47.     On November 12, 2008, McKown filed a complaint against Simon Property Group, Inc. and IPC International, alleging negligence and seeking compensation for the injuries suffered as a result of the November 20, 2005 shooting.  That lawsuit was captioned *McKown v. Simon Property Group, Inc. d/b/a Tacoma Mall et al.*, Case No. 3:08-cv-05754 in the U.S. District Court for the Western District of Washington at Tacoma (the "McKown Lawsuit").

48.     Illinois National provided coverage and a defense on behalf of Simon for the November 20, 2005 shooting that was the subject of the McKown Lawsuit under a reservation of rights.

49.     Illinois National paid to settle the action filed by McKown against IPC International and Simon as a result of the November 20, 2005 shooting.

50.     The allegations of McKown's Complaint and Amended Complaint against Simon and the facts developed in the course of the McKown Lawsuit confirm that McKown's injuries fell outside the scope of and did not relate to the provision of uniformed security services provided by IPC International under the Security Services Contract.

51.     Illinois National did not insure Simon for the allegations of the McKown Lawsuit that fell outside the scope of and did not relate to the provision of uniformed security services provided by IPC International under the Security Services Contract.

52.     Illinois National did not insure Simon relating to the allegations in the McKown Lawsuit of Simon's own negligence.

COMPLAINT - 10

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

53.     Defendant Insurers insured Simon for the November 20, 2005 shooting that was the subject of the McKown Lawsuit against Simon.

54.     In breach of the Defendant Insurers' insurance obligations to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit, Defendant Insurers failed to provide indemnification.

## IV.    FIRST CAUSE OF ACTION – BREACH OF CONTRACT

55.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

56.     Pursuant to the terms and conditions of the Illinois National policies, "[i]f the insured has rights to recover all or part of any payment [Illinois National] ha[s] made under this Coverage Part, those rights are transferred to [Illinois National]." The policies further provide that the "insured must do nothing after loss to impair them" and that at the request of Illinois National, "the insured will bring 'suit' or transfer those rights to [Illinois National] and help [Illinois National] enforce them."

57.     Pursuant to the terms of the Illinois National policies, Simon has transferred and/or assigned its rights to recover all or part of the payments Illinois National made to settle the McKown Lawsuit with respect to the allegations against Simon, including but not limited to the right to indemnification from Defendant Insurers to Illinois National.

58.     Pursuant to the terms and conditions of Travelers' policy, Travelers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

COMPLAINT - 11

59.     Upon information and belief, pursuant to the terms and conditions of the policies of the other Defendant Insurers, Simon was insured and owed indemnification with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

60.     Defendant Insurers failed to contribute or pay indemnification on behalf of Simon for the settlement of the McKown Lawsuit.

61.     Illinois National provided coverage and a defense on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit under a reservation of rights.

62.     Defendant Insurers breached their contracts of insurance by failing to contribute or pay indemnification on behalf of Simon, as was required pursuant to the Security Services Contract and the Defendant Insurers' insurance policies issued to Simon.

63.     Illinois National paid to settle the McKown Lawsuit as a result of the November 20, 2005 shooting, all or a portion of which was for the benefit of Simon.

64.     As a result of the foregoing, Illinois National has been damaged by Defendant Insurers.

**V.      SECOND CAUSE OF ACTION – EQUITABLE CONTRIBUTION**

65.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

66.     Pursuant to the terms and conditions of Travelers' policy, Travelers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

COMPLAINT - 12

67. Upon information and belief, Simon tendered the McKown Lawsuit to Travelers and the other Defendant Insurers.

68. Upon information and belief, pursuant to the terms and conditions of the policies of the other Defendant Insurers, Simon was insured and owed indemnification with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

69. Simon was entitled to indemnification under one or more of Defendant Insurers' policies with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

70. One or more of Defendant Insurers were liable to provide for the indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

71. Defendant Insurers failed to pay indemnification on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

72. Defendant Insurers failed to contribute to the settlement payment made by Illinois National on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit. Instead, Illinois National funded the entire settlement.

73. Illinois National discharged the obligation to provide defense and indemnification of Simon under a reservation of rights for the November 20, 2005 shooting that was the subject of the McKown Lawsuit and in paying the agreed upon settlement amount, all or a portion of which was for the benefit of Simon.

COMPLAINT - 13

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

74. To the extent that Illinois and one or more of the Defendant Insurers had a duty to indemnify Simon in the McKown Lawsuit, Illinois National is entitled to contribution from the Defendant Insurers.

75. As a result of the foregoing, Illinois National has been damaged by Defendant Insurers.

## VI.   THIRD CAUSE OF ACTION – EQUITABLE SUBROGATION

76. The preceding paragraphs are incorporated by reference as though fully set forth herein.

77. Pursuant to the terms and conditions of Travelers' policy, Travelers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

78. Upon information and belief, pursuant to the terms and conditions of the policies of the other Defendant Insurers, Defendant Insurers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

79. Defendant Insurers failed to pay indemnification on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

80. Defendant Insurers did not make any payment toward the settlement on behalf of Simon for the November 20, 2005 shooting that was the subject of the McKown Lawsuit. Instead, Illinois National funded the entire settlement.

81. Illinois National did not owe a duty to defend or indemnify Simon for liability attributable to Simon's own negligence and the allegations of the McKown Lawsuit against

COMPLAINT - 14

Simon that fell outside the scope of and did not relate to the provision of uniformed security services provided by IPC International under the Security Services Contract.

82.     Illinois National discharged the obligation to provide defense and indemnification of Simon under a reservation of rights with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit and in paying the agreed upon settlement amount, all or a portion of which was for the benefit of Simon.

83.     Allowing Illinois National subrogation will not cause injustice to the rights of others.

84.     As a result of the foregoing, Illinois National has been damaged by Defendant Insurers.

## VII.     FOURTH CAUSE OF ACTION– CONVENTIONAL/CONTRACTUAL SUBROGATION

85.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

86.     Pursuant to the terms and conditions of Travelers' policy, Travelers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

87.     Upon information and belief, pursuant to the terms and conditions of the policies of the other Defendant Insurers, Defendant Insurers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

COMPLAINT - 15

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

88.     Simon has transferred and/or assigned its rights to indemnification from Defendant Insurers to Illinois National.

89.     Defendant Insurers failed to pay indemnification on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

90.     Defendant Insurers did not make any payment toward the settlement on behalf of Simon for the November 20, 2005 shooting that was the subject of the McKown Lawsuit. Instead, Illinois National funded the entire settlement.

91.     Illinois National did not owe a duty to defend or indemnify Simon for liability attributable to Simon's own negligence and the allegations of the McKown Lawsuit against Simon that fell outside the scope of and did not relate to the provision of uniformed security services provided by IPC International under the Security Services Contract.

92.     Illinois National discharged the obligation to provide defense and indemnification of Simon under a reservation of rights for the November 20, 2005 shooting that was the subject of the McKown Lawsuit and in paying the agreed upon settlement amount, all or a portion of which was for the benefit of Simon.

93.     Allowing Illinois National subrogation will not cause injustice to the rights of others.

94.     As a result of the foregoing, Illinois National has been damaged by Defendant Insurers.

## VIII.    FIFTH CAUSE OF ACTION – DECLARATORY JUDGMENT

95.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

COMPLAINT - 16

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

96.   Pursuant to the terms and conditions of Travelers' policy, Travelers insured and owed indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

97.   Pursuant to the terms and conditions of the policies of the other Defendant Insurers, Simon was insured and owed indemnification with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

98.   Simon was entitled to indemnification under one or more of Defendant Insurers' policies with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

99.   One or more of Defendant Insurers were liable for the common and joint obligation to provide for the indemnification to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

100.   Defendant Insurers failed to pay indemnification on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit.

101.   Illinois National discharged the obligation to provide defense and indemnification of Simon under a reservation of rights with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit and in paying the agreed upon settlement amount, all or a portion of which was for the benefit of Simon.

102.   Defendant Insurers failed to contribute to the settlement payment made by Illinois National on behalf of Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit. Instead, Illinois National funded the entire settlement.

COMPLAINT - 17

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1644

103.     There is an actual controversy existing between Illinois National and Defendant Insurers as to the obligations owed by Defendant Insurers to Simon under the policies issued by them, for indemnification of Simon in the McKown Lawsuit, and for the failure of the Defendant Insurers to contribute to the settlement payment of the McKown Lawsuit.

104.     Pursuant to the Uniform Declaratory Judgments Act, Wash. Rev. Code § 7.24, the courts of the State of Washington "have the power to declare the rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

105.     Illinois National requests this Court enter an Order, pursuant to the Uniform Declaratory Judgments Act, Wash. Rev. Code § 7.24, requiring Defendant Insurers to contribute to Illinois National for indemnity payments owed by Simon that were paid by Illinois National, including, but not limited to, Illinois National's payment of its policies' limits to settle the McKown Lawsuit as a result of the November 20, 2005 shooting for the benefit of Simon.

## IX.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Illinois National Insurance Company prays for judgment against Defendant Insurers as follows:

1.     For judgment in such amount as shall be proven at the time of trial;

2.     For an award of damages;

3.     For an award of pre-and-post-judgment interest;

COMPLAINT - 18

4.     For an award of attorney's fees and costs;

5.     For an Order declaring: (a) the Defendant Insurers, and not Illinois National, owe a duty to indemnify Simon for liability in the McKown Lawsuit that fell outside the scope of and did not relate to the provision of uniformed security services provided by IPC International under the Security Services Contract; (b) the Defendant Insurers, and not Illinois National, owe a duty to indemnify Simon for liability in the McKown Lawsuit arising from Simon's own negligence; (c) Defendant Insurers' policies provided coverage to Simon with respect to the November 20, 2005 shooting that was the subject of the McKown Lawsuit; (d) Defendant Insurers are required to contribute to Illinois National for indemnity payments made on behalf of Simon in the McKown Lawsuit; and

6.     For such other and further relief as the Court deems just and equitable.


DATED:   September 30, 2019


                              JENSEN MORSE BAKER PLLC


                              By *s/ Steven D. Jensen*
                                 Steven D. Jensen, WSBA No. 26495
                                 steve.jensen@jmblawyers.com
                                 Benjamin J. Roesch, WSBA No. 39960
                                 benjamin.roesch@jmblawyers.com

                              Attorneys for Plaintiff Illinois National
                              Insurance Company

                              and


COMPLAINT - 19

1

COHEN, PLACITELLA & ROTH, P.A.

2

3        Stewart L. Cohen
         scohen@cprlaw.com
4        (*pro hac vice* pending)
         Robert L. Pratter
5        rpratter@cprlaw.com
         (*pro hac vice* pending)
6        Eric S. Pasternack
         epasternack@cprlaw.com
7        (*pro hac vice* pending)

8        Attorneys for Plaintiff Illinois National
         Insurance Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT - 20